IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARRIE M. WARD                  *
HOWARD N. BIERMAN
JACOB GEESING                    *
PRATIMA LEE
TAYYABA C. MONTO             *
JOSHUA COLEMAN
         Plaintiffs,                   *

     v.                                            *    CIVIL ACTION NO. ELH-17-2386

PAUL A. TAYLOR                   *
CHERYL M. TAYLOR
         Defendants.               *
                                                               *****

## **MEMORANDUM**

On August 21, 2017, Terry and Ellen Trusty, who are self-represented, filed a Notice of Removal (ECF 1) as to a motion filed in a foreclosure proceeding filed in the Circuit Court for Baltimore County, Maryland. That foreclosure case, *Ward, et al. v. Taylor, et al.,* Case No. 03C15010733, was initiated in State court on October 5, 2015, to enforce a default under a deed of trust with respect to property located at 9005 Forest Oaks Road in Owings Mills, Maryland (the "Property"). A review of the docket for that case shows that substitute trustees, as plaintiffs, filed the foreclosure proceeding against Paul Taylor, Jr. and Cheryl Taylor. According to the Notice of Removal, the Trustys are in possession of the Property under the "authority of a lease and purchase agreement originally executed between themselves and Mr. and Mrs. Paul Taylor." ECF 1 at 4, 6; ECF 1-1.

The Notice of Removal and the civil cover sheet filed by the Trustys indicate that, to support removal, the Trustys rely on diversity jurisdiction and federal question jurisdiction under 28 U.S.C.

§§ 1332 and 1331.

## I. Background

The Trustys assert that the Taylors sold the Property to the Trustys. ECF 1 at 5. The Trustys recognize that a foreclosure sale was held as to the Property, but they assert that it is "void ab initio." ECF 1 at 2.

As noted, the foreclosure case was filed in October 2015. In December 2015, Terry and Ellen Trusty, as interested parties, filed a motion to stay or to dismiss the State court foreclosure case. Over the course of the ensuing year the Trustys filed requests for a hearing and for a stay and exceptions to the foreclosure sale. In December 2016, the exceptions were denied and overruled and the sale of the property was ratified and confirmed. In January 2017, the Trustys filed a motion to reconsider the ratification of the sale of the Property and a request for a stay of the order. An appeal was filed on May 11, 2017, to the Maryland Court of Special Appeals, presumably as to the ratification and confirmation of the sale. *See Ward, et al. v. Taylor, et al.,* Case No. 03C15010733.

Of relevance here, on July 24, 2017, MTGLQ Investors, L.P. ("MTGLQ") filed in the Circuit Court for Baltimore County a motion titled "Foreclosure Purchaser's Motion For Judgment Awarding Possession" ("Motion for Possession"). *See* ECF 2. It was served on the Trustys on July 27, 2017. ECF 1 at 3, ¶ 5. *See also* State Court Docket ("Docket"), a copy of which is attached hereto.

In the Motion for Possession, MTGLQ represents that it was the successful purchaser at the foreclosure sale of the Property, held on September 15, 2016. *See* ECF 2 at 1: ECF 2-2. Further, it avers that the foreclosure sale was ratified by order of the circuit court on December 29, 2016. ECF 2 at 1. Therefore, MTGLQ claims entitlement to possession of the Property. Further, it claims that

2

on March 17, 2017, the Trustys were provided with a Notice of Lease Termination and to Vacate. *Id.* at 2; *see* ECF 2-5. However, they have refused to vacate the property. As a result, MTGLQ filed the Motion for Possession.

Upon review of the materials and the State court Docket, the case shall be remanded to the Circuit Court for Baltimore County.

## II. Discussion

### A.

In their Notice of Removal, the Trustys complain, *inter alia*, of violations of the Fair Debt Collection Practices Act.[1] They also maintain that the Property is subject to Mr. Taylor's Chapter 7 bankruptcy case, and therefore it is within the exclusive jurisdiction of the District Court. ECF 1 at 5-8. They posit that Mr. Taylor "did not list the purchase agreement on his bankruptcy schedule[]", nor did he list the Trustys "as creditors." ECF 1 at 6.

According to the Trustys, the Property became property of the bankruptcy estate under 11 U.S.C. § 541. *Id.* The Trustys insist that, because the Property belongs to the bankruptcy estate, MTGLQ's "efforts to terminate [the Trustys'] lease" violates 11 U.S.C. § 362(a)(3) and (4). *Id.* at 7. They seek conveyance of title to the Property under 11 U.S.C. § 365(i). *Id.* However, as noted, the foreclosure was ratified and confirmed. The Motion for Possession was served on the Trustys, occupants of the Property, because they have refused to vacate the Property.

---

[1] To prevail in a private action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., a plaintiff must prove that he or she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Webster v. ACB*

**B.**

Title 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Title 28 U.S.C. § 1447(c) provides:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Generally, a defendant must remove a case within 30 days of the receipt of the initial pleading. 28 U.S.C. § 1446(b). On November 9, 2015, the Trustys filed a motion to intervene as defendants in the State case. *See* Docket. Assuming, *arguendo*, that the Trustys may be considered defendants in the State case, removal here occurred more than one year after the action was initiated in State court. *See* 28 U.S.C. § 1446(b).

Moreover, a civil action filed in a state court may be removed to federal court if it is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). The burden of demonstrating jurisdiction and the propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 815 (4th Cir. 2004); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Therefore,

---

*Receivables Management, Inc.*, 15 F. Supp.3d 619, 625 (D. Md. 2014).

"[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). Indeed, a federal court "should construe removal statutes narrowly, [with] any doubts...resolved in favor of state court jurisdiction." *Barbour v. Int'l, Union,* 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

It is also salient that federal courts are courts of limited jurisdiction and may not exercise jurisdiction absent a constitutional or statutory basis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Further, a federal court must "presume . . . that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in *Poole*). Indeed, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).

## C.

Notably, "'[t]he presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted). To be sure, a defendant may assert "federal" or "ordinary" preemption "as a defense to the allegations in a plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But, it is "settled law that a case may not be removed to federal court on the basis of a federal defense…even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393. Therefore, the "existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and 'a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case "arises under" federal law.'" *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004) (alteration and emphasis in original) (internal citations omitted).

Put another way, it is a hornbook principle of federal jurisdiction that "'for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed. . . . It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'" *Renegade Swish, LLC v. Wright*, 857 F.3d 692, 697 n.34 (5th Cir. 2017) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326-27 (5th Cir. 1998)); *see* 14 C. Wright & A. Miller, Federal Practice and Procedure (4th ed.) § 3722, at 169-85.

The suit filed in the Circuit Court for Baltimore County concerned a foreclosure matter. There was no federal question presented in the State matter when the case was filed. The Trustys

may not create federal jurisdiction by "converting" the foreclosure matter into a federal question complaint by making generalized statements regarding alleged improprieties involving the foreclosure process or the FDCPA. *See* ECF 1. The United States District Court has no original jurisdiction over a foreclosure dispute.

Moreover, the Trustys have failed to show that they are unable to enforce any federal rights in in State court. *See Schaefgen v. O'Sullivan*, 2015 WL 4572238, *5 (D. Md. 2015). Ordinarily, a party to a state court proceeding is able to raise objections in the state proceeding on the basis of applicable federal constitutional provisions. "'Under our system of dual sovereignty … state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.'" *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)) (emphasis omitted). In addition, Maryland law provides for appellate review of adverse decisions of a Maryland circuit court. *See* Md. Code (2013 Repl. Vol.), § 12-301 of the Courts & Judicial Proceedings Article.

I turn to the claim of diversity jurisdiction. Under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States." Diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

The Trustys have not adequately asserted diversity of citizenship as a basis for jurisdiction. The docket identifies six individual plaintiffs, all of whom reside in Maryland.[2] Like the plaintiffs, the Trustys are also domiciled in Maryland. It is evident that, as to the plaintiffs and the Trustys, complete diversity of citizenship is lacking. *Cf. Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

### III. Conclusion

In light of the above, I conclude that this Court lacks federal question jurisdiction or diversity jurisdiction. The Trustys have not met their burden to demonstrate that jurisdiction is proper in this court. Therefore, the case shall be remanded to the Circuit Court for Baltimore County, based on lack of subject matter jurisdiction.

An Order follows.

Date: August 30, 2017	/s/
	Ellen L. Hollander
	United States District Judge

---

[2] In the context of this case, it appears that residency and domicile are the same.